UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-cv-560

| | |
|---|---|
| CARLOS GARCIA,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>        Defendant. | **ORDER** |

## I. INTRODUCTION

**THIS MATTER** is before the Court on Plaintiff's Motion for Voluntary Dismissal (Doc. No. 24). Plaintiff Carlos Garcia filed this action in Mecklenburg County Superior Court on September 19, 2013 alleging claims for breach of contract, unfair and deceptive trade practices, and bad faith against Defendant State Farm[1] resulting from the denial of a claim under a homeowner's insurance policy. (*See* Doc. No. 1-1). The Complaint alleges that a break-in occurred at Plaintiff's home on September 5, 2010, and that a number of items were stolen; Plaintiff subsequently filed a claim under his homeowner's policy for the value of the stolen items on September 6, 2014. (*See id.*) On January 3, 2011, and following an investigation into the matter, State Farm denied Plaintiff's claim, alleging that Plaintiff had made material misrepresentations both in the application process and the claims process, and that he had failed to comply with the conditions precedent of the policy. (*See* Doc. No. 20; Doc. No. 21-3 ¶ 25).

---

[1] The original Complaint listed four separate entities as defendants in this action; the Court later dismissed all parties except State Farm Fire and Casualty Company as misjoined parties. (*See* Doc. No. 6).

State Farm removed this action to this Court on October 7, 2013 citing diversity of citizenship. (*See* Doc. No. 1). On October 31, 2014, Defendant filed a Motion for Summary Judgement. (Doc. No. 19). On November 11, 2014, Plaintiff filed a Notice of Voluntary Dismissal without Prejudice (Doc. No. 22), which the Court struck on November 12, 2014 as procedurally improper (Doc. No. 23). On November 13, 2014, Plaintiff filed a Motion for Voluntary Dismissal (Doc. No. 24); State Farm's response noted that it took no position on the motion, but that State Farm continued to believe it was entitled to summary judgment, (*see* Doc. No. 26). On December 2, 2014, the Court ordered that it would defer ruling on Plaintiff's Motion for Voluntary Dismissal until State Farm's Motion for Summary Judgment was fully briefed so that the Court could consider the merits of that motion. (*See* Doc. No. 27). Having had the opportunity to consider the parties' respective filings on this issue,[2] the Court will now rule on the matter.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Courts generally grant a plaintiff's motion for voluntary dismissal, however, "absent plain legal prejudice to the defendant." *Gross v. Spies*, 133 F.3d 914 (4th Cir. 1998) (table decision) (citing *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997); *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 986 (5th Cir. 1989); *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986)). Factors courts consider in ruling on such a motion include, but are not limited to: "(1) the opposing party's effort and expense in preparing

---

[2] The Court notes that, in his Response in Opposition to State Farm's Motion for Summary Judgment (Doc. No. 29), Plaintiff noted that he would withdraw his claims for bad faith and unfair and deceptive trade practices. (*See id.* at 7).

for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Id.* However, "a defendant cannot establish prejudice sufficient to defeat a Rule 41(a)(2) motion merely by showing that it has filed a summary judgment motion, or that it faces the prospect of a subsequent lawsuit." *Bridge Oil, Ltd. V. Green Pac. A/S*, 321 F. App'x 244, 245 (4th Cir. 2008) (citation omitted). Rather, denial of a motion for voluntary dismissal may be appropriate "where summary judgment is imminent." *Davis v. USX Corp.*, 819 F.2d 1270, 1274 (4th Cir. 1987) (citing *Pace v. Southern Express Agency*, 409 F.2d 331, 334 (7th Cir. 1969)).

### III. DISCUSSION

The Court has carefully considered the record in this matter, including the parties' respective filings, as well as the evidence submitted by each party, and finds that there is not sufficient legal prejudice to the Defendant to preclude Plaintiff's Motion for Voluntary Dismissal. While the Court recognizes that both parties have invested time and effort in this matter, the Court has determined, based on its review of Defendant's Motion for Summary Judgment, that summary judgment in this matter is not imminent. Notably, it appears to the Court that genuine issues of material fact exist in this matter as to whether Plaintiff voided his insurance policy by making material misrepresentations in the application and claims process, and whether he failed to comply with the conditions precedent under the policy. Given the existence of a genuine factual dispute in this case, as well as the current stage of this litigation, the Court finds that Defendant will not suffer plain legal prejudice if Plaintiff's motion is granted.[3]

---

[3] The Court also notes that North Carolina Rules of Civil Procedure contemplate liberally allowing voluntary dismissals by plaintiffs. The Court is especially mindful of this preference when sitting in diversity.

## IV. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff Carlos Garcia's Motion for Voluntary Dismissal (Doc. No. 24) is **GRANTED**. This case is **DISMISSED**.

Accordingly, Defendant State Farm's Motion for Summary Judgement (Doc. No. 19) and Motion to Compel (Doc. No. 16) are **DENIED** as moot.

The Clerk of Court is directed to close this civil case.

**SO ORDERED.**

Signed: June 15, 2015

Graham C. Mullen
United States District Judge